

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE E.W. SCRIPPS COMPANY AND SUBSIDIARIES 312 Walnut Street Suite 2800 Cincinnati, Ohio 45202 | ) ) ) ) ) | CASE NO.  **C - 1 - 01    434** |
| | ) ) | JUDGE    **S. DLOTT** |
| | ) | **J. HOGAN** |
| Plaintiff, | ) ) | **COMPLAINT FOR REFUND** |
| vs. | ) ) | (Jury Demand Endorsed Hereon) |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff The E.W. Scripps Company and its subsidiaries (collectively, "Scripps"),

by and through its attorneys, for its Complaint against Defendant, the United States of America,

avers and states as follows:

### STATEMENT OF THE CASE

This action is brought under the federal internal revenue laws for refund of the

interest that has accrued on an overpayment of tax made by Scripps and that Defendant has

refused to return to Scripps.

## THE PARTIES, SUBJECT MATTER JURISDICTION, AND VENUE

1. Scripps is an Ohio corporation with its principal place of business located at 312 Walnut Street, Suite 2800, Cincinnati, Ohio.

2. The defendant is the United States of America.

3. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. §§ 1331, 1346(a)(1), and 1491(a)(1) because this action involves a claim against the United States arising under and founded upon the internal revenue laws of the United States for refund of interest related to taxes erroneously collected.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1402(a)(2) because Scripps' principal place of business is located in this district.

## FACTUAL ALLEGATIONS

5. Scripps timely filed its consolidated income tax return for the 1986 tax year with Internal Revenue Service ("IRS") Cincinnati, Ohio Service Center.

6. On a Form 870-AD, dated June 16, 1988, Scripps reached a binding agreement with the IRS to change its publishing affiliates' method of accounting from the cash to the accrual method for tax reporting purposes as of the 1980 tax year (hereinafter "Binding Change to Accrual Method"). In conjunction with the Binding Change to Accrual Method and the closing of Scripps' tax years through 1984, the additional tax and interest owed through the 1984 tax year was assessed and paid.

7. Although the IRS began an audit of Scripps' returns for the 1985, 1986, and 1987 tax years in early 1990, it had not at that time calculated the additional tax and interest owed for 1985 and 1986 as a result of the Binding Change to Accrual Method.

8.      Scripps filed its 1987 return using the accrual method of accounting. Scripps believed that it owed a significant additional tax liability for the 1985 and 1986 tax years as a result from the Binding Change to Accrual Method.

9.      Scripps requested IRS Audit Examination Team Coordinator Sidney A. Saewitz to calculate the amount of additional 1985 and 1986 tax due as a result of the Binding Change to Accrual Method so that Scripps could pay the additional tax liability and interest thereon before the end of 1990. Agent Saewitz informed Scripps that he could not complete the calculation by the end of 1990.

10.     Scripps informed Agent Saewitz that it wanted to pay most of its additional adjusted tax liability for 1985 and 1986 in 1990 and deduct the payment of the interest on its 1990 tax return.

11.     In order to pay most of its additional 1985 and 1986 tax liabilities before the end of 1990, Scripps calculated the additional tax and related interest that it owed for these two years. Scripps determined that it would make a payment of $7,000,000 on its additional tax liability and related interest for the 1985 and 1986 tax years.

12.     Agent Saewitz offered to help Scripps submit the payment to the IRS.

13.     Scripps drafted a transmittal letter to accompany its payment of the additional 1985 and 1986 tax liabilities. In this letter, dated December 31, 1990, Scripps informed the IRS that it was making a payment of $7,000,000 to satisfy its additional tax liability and related interest for the 1985 and 1986 tax years anticipated as a result of the Binding Change to Accrual Method. Scripps specifically designated that the remittance be applied as follows: $2,000,000 as payment of the anticipated increased tax liability for 1985; $1,500,000 as payment of the interest related to the 1985 tax liability; $2,000,000 as payment of the anticipated

increased tax liability for 1986; and $1,500,000 as payment of the interest related to the 1986 liability. Scripps did not request that this payment be treated as a deposit in the nature of a cash bond.

14.    On December 31, 1990, Scripps, accompanied by Agent Saewitz, hand-delivered the transmittal letter and $7,000,000 check to the IRS in Cincinnati, Ohio ("December 31, 1990 Payment").

15.    At the time the December 31, 1990 Payment was processed, Scripps expressly informed Agent Saewitz that Scripps intended to pay a significant portion of the anticipated tax liability and related interest for the 1985 and 1986 tax years and that the remittance was not intended to be treated as a cash bond.

16.    On a Form 3244-A, the IRS posted the December 31, 1990 Payment to Scripps' account as an "advance payment on deficiency."

17.    Agent Saewitz informed Scripps that in order to process the December 31, 1990 Payment properly, he was required to select and mark either the "cash bond" box or the "Send 316(C)" box that were located in the "Remarks" section of the Form 3244-A referenced in paragraph 16 of the Complaint. Agent Saewitz informed Scripps that the "Send 316(C)" box was not appropriate in this instance and therefore marked the "cash bond" box.

18.    Agent Saewitz expressly assured Scripps that notwithstanding the demarcation of the "cash bond" box, the December 31, 1990 Payment would be posted and treated by the IRS as a payment of tax and interest and not as a cash bond. Agent Saewitz also assured Scripps that the interest included in the December 31, 1990 Payment would be allowed as a deduction on Scripps' 1990 tax return.

19.     At Scripps' request, in the "Remarks" section of the Form 3244-A referenced in paragraphs 18 and 19 of the Complaint, the IRS noted that notwithstanding the demarcation of a box marked "cash bond," $2,000,000 of the December 31, 1990 Payment was made in payment of an increased tax liability for the 1986 tax year and that $1,500,000 of the December 31, 1990 Payment was made in payment of the interest related to the 1986 tax.

20.     In making the December 31, 1990 Payment to the IRS, Scripps intended to pay a substantial part of the additional tax liability and related interest it believed it owed for the 1985 and 1986 tax years as a result of its Binding Change to Accrual Method with the IRS.

21.     The IRS was aware of and acquiesced in Scripps' intended course of conduct by assisting Scripps in effecting and accepting the additional tax payment.

22.     In early 1995, the IRS, through Agent Saewitz, informed Scripps that the December 31, 1990 Payment had been treated as payment of tax and interest and no portion of it could be refunded until the completion of the 1986 audit.  Agent Saewitz further assured Scripps that it would receive interest on any of the monies that were refunded.

23.     As it subsequently turned out, contrary to the initial expectations of Scripps, in making the December 31, 1990 Payment, Scripps actually overpaid its 1986 tax liability and the related interest because there was no additional tax liability for 1986.

24.     Until approximately October 5, 1995, the IRS treated the December 31, 1990 Payment as a payment of a tax liability.

25.     Sometime between October 5, 1995, and April 9, 1996, Agent Saewitz for the first time informed Scripps that, contrary to his earlier assurances and to Scripps' expressed intent, the IRS was now treating the December 31, 1990 Payment as a cash bond rather than a payment of tax.

26.     Scripps objected to the IRS's recharacterization of the December 31, 1990 Payment.

27.     On or about September 8, 1997, after the 1985, 1986, and 1987 tax years were settled with the IRS, Scripps received a $3,500,000 refund without interest for overpayment of its tax liability for the 1986 tax year.

28.     On January 22, 1998, Scripps and the IRS reached an examination settlement of all proposed IRS adjustments for the tax years 1988 through 1991. Consistent with the treatment of the December 31, 1990 Payment as a payment of tax and interest thereon, the IRS allowed Scripps' 1990 deduction of the $1,500,000 interest paid with the 1986 tax payment.

29.     On September 28, 1998, Scripps filed a timely claim with the IRS's Cincinnati Service Center, requesting the refund of interest accrued on the $3,500,000 refunded overpayment it made for the 1986 tax year. A true and correct copy of this claim for refund is attached hereto as Exhibit A.

30.     By Notice of Disallowance dated November 6, 2000, sent to Scripps by certified mail, the IRS notified Scripps that it had disallowed its claim for refund of the interest accrued on the $3,500,000 overpayment refunded to Scripps for the 1986 tax year. A true and correct copy of the Notice of Disallowance is attached hereto as Exhibit B.

31.     As grounds for recovery, Scripps incorporates by reference the facts and grounds contained in Scripps' claim for refund attached hereto as Exhibit A.

32.     Scripps is the sole owner of the claim on which this suit is based and no assignment has been made of this claim.

## COUNT I

### (Refund)

33.     Scripps reavers and incorporates herein the allegations contained in paragraphs 1 through 32 of the Complaint as if fully rewritten herein.

34.     This claim arises under Sections 6611 and 7422(a) of Title 26 of the United States Code and Sections 4.03, paragraph 1, and 5.05 of Rev. Proc. 84-58, 1984-2 C.B. 502-03.

35.     In making the December 31, 1990 Payment, Scripps intended to make a payment of tax for an adjusted, additional tax liability anticipated for the 1986 tax year as a result of the Binding Change to Accrual Method.

36.     At the time IRS assisted Scripps in the processing of the December 31, 1990 Payment, the IRS was aware of and acquiesced in Scripps' intent to have the December 31, 1990 Payment treated as a payment of tax liability for the 1986 tax year rather than as a cash bond.

37.     In making the December 31, 1990 Payment, Scripps specifically designated the portion of tax liability and related interest for the 1986 tax year that it intended to satisfy.

38.     In making the December 31, 1990 Payment, Scripps overpaid its tax liability and related interest for the 1986 tax year by $3,500,000.

39.     Pursuant to Section 5.05 of Rev. Proc. 84-58 and Section 6611 of Title 26 of the United States Code, Scripps is entitled to recover compound interest on this overpayment of its 1986 tax liability.

40.     The IRS has erroneously and illegally refused to refund the interest accrued and due on Scripps' overpayment of its 1986 tax liability.

41.     The IRS's refusal to refund the interest accrued and due on Scripps'

overpayment of its 1986 tax liability has damaged Scripps by an amount of $2,245,212 and such

other and greater amounts as are legally refundable, together with interest.

## COUNT 2

### (Equitable Estoppel)

42.     Scripps reavers and incorporates herein the allegation contained in

paragraphs 1 through 41 of the Complaint as if fully rewritten herein.

43.     Defendant, through Agent Saewitz, misrepresented to Scripps that even

though Agent Saewitz had marked the "cash bond" box in the Remarks section of the Form

3422-A used to post the $3,500,000 payment for the 1986 tax year to Scripps' account, Scripps'

December 31, 1990 Payment would be accepted and treated by the IRS as a payment of taxes

and related interest for the 1986 tax year and not as a cash bond.

44.     Defendant had reason to believe that Scripps would rely on this

representation.

45.     In reasonable reliance on Defendant's representations, Scripps permitted

Agent Saewitz to file the Form 3422-A referenced in paragraphs 16, 17, 19, and 43 of the

Complaint with its $3,500,000 payment to the IRS, believing that the IRS would treat the

remittance as a payment of taxes and related interest for the 1986 tax year and not as a cash

bond.

46.     Defendant, through Agent Saewitz, continued to misrepresent to Scripps

for several years that the December 31, 1990 Payment would be treated by the IRS as a payment

of taxes and related interest for the 1986 tax year and not as a cash bond, and that if a refund was

due, such refund would be with interest.

47.    Defendant had reason to believe that Scripps would rely on these misrepresentations.

48.    Although subsequent to making the December 31, 1990 Payment Scripps came to believe that it had overpaid its 1986 tax liability, in reasonable reliance on Defendant's misrepresentations, Scripps did not pursue a return of its $3,500,000 payment.

49.    Scripps has been damaged by an amount of $2,245,212 and such other and greater amounts as are legally refundable, together with interest, as a direct and proximate result of its reasonable reliance upon Defendant's misrepresentations.

WHEREFORE, Plaintiff demands judgment in its favor and against the United States of America in an amount in excess of $2,245,412 as interest accrued and due on the $3,500,000 overpayment it made to the Internal Revenue Service, as well as Plaintiff's costs, attorneys' fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

David G. Holcombe (0025768) *Trial Counsel*
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 2650
Cincinnati, Ohio 45292
(513) 929-3400

**OF COUNSEL:**

Paul P. Eyre (0025756)
William M. Toomajian (0025740)
Thomas R. Lucchesi (0025790)
BAKER & HOSTETLER LLP
3200 National City Center
Cleveland, Ohio 44114-3485
(216) 621-0200

Attorneys for Plaintiff

## JURY DEMAND

Pursuant to 28 U.S.C. § 2402 and Rule 38(b) of the Federal Rules of Civil

Procedure, Plaintiff hereby demands a trial by jury on all issues in the within cause triable by a

jury.

BAKER & HOSTETLER LLP
Attorneys for Plaintiff

G:\95070\99005\Pleadings\Complaint-5.doc, 06/19/01, 2:06 PM

THE E.W. SCRIPPS COMPANY
P.O. Box 5380
CINCINNATI, OHIO 45201
312 WALNUT STREET, SUITE 2800
CINCINNATI, OHIO 45202

MICHAEL W. CARROLL
CORPORATE TAX DIRECTOR

PHONE (513) 977-3824
FAX (513) 977-3090
E-MAIL carroll@scripps.com



**SCRIPPS**


RECEIVED
SEP 29 1998
INTERNAL REVENUE SERVICE
TAXPAYER SERVICE DIVISION
CINCINNATI, OHIO

September 28, 1998

Internal Revenue Service
Cincinnati Service Center
Attention: Adjustments Branch
201 Rivercenter Boulevard
Covington, KY 41019

Re:   The E. W. Scripps Company Interest Claims
      EIN: 34-0517805 for calendar tax year 1986

To Whom It May Concern:

A review of the Form 1120 account for The E.W. Scripps Company for the tax year ending December 31, 1986 revealed allowable interest was incorrectly computed. This was due to the Service erroneously treating our December 31, 1990 payment of $3,500,000 for our 1986 tax year as a cash bond payment.

It was never our intent to make this or any portion of our December 31, 1990 payment a deposit in the nature of a cash bond. We advised our Internal Revenue Service Examination Team Coordinator Mr. Sid Saewitz that we were making an advance payment of tax deficiency and the related deductible interest for the 1985 and 1986 carryover adjustments that resulted from our previous settlement with the Internal Revenue Service. Our transmittal letter that accompanied our payment indicated that it was a payment of specific amounts of 1985 and 1986 tax and interest. It did not state that it was a cash bond payment. Mr. Saewitz accompanied our Mr. Jerome Hackman to the Internal Revenue Service Cincinnati District office on December 31, 1990 to hand deliver our payment and to help us make sure that it was posted as we intended as an advance payment of tax deficiency and interest. However, when Mr. Saewitz filled in the Payment Posting Voucher form on our behalf he erroneously checked the cash bond box. Mr. Hackman immediately informed him of his error in checking that box and reminded him again that this payment was not a cash bond payment, but an advance payment of tax deficiency and related interest. Mr. Saewitz then typed in the tax and interest portions for each year's payment on the two payment forms. The account transcripts for these years were correctly posted as "Advance Payment of Examination Deficiency" affirming our intent that these were advance payments of tax deficiency and interest.

The Service accepted this payment as a payment of tax and did not post the payment to the account as a cash bond payment. In early 1995, after we had mistakenly overpaid a December 30, 1994 advance payment of tax deficiency and interest on these and other tax years, the Internal Revenue Service told us that we would have to wait until these tax years were officially closed before we could get our overpayment refunded, reminding us that only payments of cash bonds were recoverable before the tax year was closed. At the same time, the Internal Revenue Service advised us that since our overpayments were of tax deficiency and interest we would be entitled to interest on them when we did recover them. It was only shortly before the 1985-1987 tax years were closed that the Internal Revenue Service reversed their position on this December 31, 1990 payment and stated to us that it was now their opinion that it was a cash bond payment for which we were not entitled to interest when it was subsequently refunded to us. We objected to this change in the Internal Revenue Service's position on the nature of this payment, but when we subsequently were refunded the $3,500,000.00 the Internal Revenue Service treated it as a cash bond payment and did not compute any interest on it. As this December 31,



1990 payment was an advance payment of tax deficiency and interest, and was not a cash bond payment, we were entitled to interest on it when it was refunded to us.

Our claim is for $2,245,412.00 and such other and greater amounts as may be legally refundable. We have computed the correct amount of allowable interest to July 31, 1998, and our computation is attached for your convenience.

The refund check under the above employer identification number should be issued in the name of The E.W. Scripps Company at Post Office Box 5380, Cincinnati, OH 45201.

If you are unable to allow our refund claim, please issue an immediate disallowance letter and forward this claim to your Appeals function.

Sincerely,

D. J. Castellini

Senior Vice President, Finance and Administration

Enclosures

cc: Michael W. Carroll, Jerome P. Hackman

**The E. W. Scrippps Company Interest Review**
**Interest Recalculation Amount By Claim Type**

**Interest Due to Taxpayer Relating to Cash Bond Treatment**

| | | |
|---|---|---|
| 1986 | $ | (2,245,412.00) |
| **Total Interest Due to Taxpayer Relating to Cash Bond Treatment** | **$** | **(2,245,412.00)** |

## The E. W. Scripps Company Interest Review

| Tax Year | | 8612 |
|---|---|---|
| **Deficiency Interest** | | |
| Deficiency Interest Per IRS | $ | - |
| Deficiency Interest Per Recalculation | $ | - |
| Netted Interest Per IRS | $ | - |
| Netted Interest Per Recalculation | $ | - |
| Interest Paid | $ | - |
| Less Reversed Offset from 1982 | | |
| Interest Due | $ | - |
| Amount Due Taxpayer Without Overpayment Interest | $ | - |
| **Overpayment Interest** | | |
| Credit Interest on 9/5/97 Tax Refund per IRS | $ | 11,181.00 |
| Amount Recalculated with 45 days back-off not included | | |
| Interest if not treated as cash bond 12/31/90 | $ | (2,135,916.00) |
| Additional reduction deficiency interest w/45 day issue | | |
| Potential Claim as of 9/5/97 for Credit Interest | $ | (2,124,735.00) |
| Claim for reduced deficiency interest to 6/26/98 | | |
| **Total Potential Claim** | | |
| Overcharged Deficiency Interest | | |
| Addtional Credit Interest to 7/31/98 | | |
| Total | | |
| Overpayment and 45 day interest issues | $ | (2,124,735.00) |
| Addtional credit interest to 7/31/98 | $ | (120,677.00) |
| Total | $ | (2,245,412.00) |
| **Total Potential Claim** | $ | (2,245,412.00) |

VENT SUMMARY REPORT                                    TaxInterest Version W98.2
axpayer name...: E. W. SCRIPPS-8612 REFUND INTEREST                    08-11-98
axpayer ID#....: 34-0517805                                            Page 1

|                             |          |            | Event Date |
|-----------------------------|----------|------------|------------|
| vents                       | Date     | Amount     | Balance (1) |
| ayment                      | 03-15-87 | <8,054.00> | <8,054.00> |
| iterest Computation Date    | 09-05-97 |            | <19,235.31> |

.) Balance includes any interest and penalties accrued as of the Event Date

```
------------------------- Summary as of 09-05-97 -------------------------
```

|              | Amount      | Payments   | Deposits | Balance     |
|--------------|-------------|------------|----------|-------------|
| x            | 0.00        | <8,054.00> | 0.00     | <8,054.00>  |
| fund interest| <11,181.31> | 0.00       | 0.00     | <11,181.31> |
| tals         | <11,181.31> | <8,054.00> | 0.00     | <19,235.31> |

epared using: FEDERAL        IRS interest rates
ble end date: 09-30-98      USER Table

```
VENT SUMMARY REPORT                                TaxInterest Version W98.2
axpayer name...: E. W. SCRIPPS 8612-CASH BOND                      08-11-98
axpayer ID#....: 34-0517805                                         Page 1

                                                                Event Date
vents                                    Date        Amount      Balance (1)
----------------------------------------------------------------------------
ax                                    03-15-87   1,469,223.00
REDIT ELECT                           03-15-87      22,723.00
ayment                                03-15-87 <1,500,000.00>      <8,054.00>
ayment                                12-31-90 <3,500,000.00> <3,511,616.62>

iterest Computation Date              09-05-97                <5,643,969.53>
----------------------------------------------------------------------------
L) Balance includes any interest and penalties accrued as of the Event Date

----------------------- Summary as of 09-05-97 -----------------------
                     Amount        Payments        Deposits         Balance
ax                1,491,946.00  <5,000,000.00>        0.00   <3,508,054.00>
efund interest   <1,470,442.96>          0.00         0.00  <1,470,442.96>
ATT rate interest  <665,472.57>          0.00         0.00    <665,472.57>
----------------------------------------------------------------------------
otals            <643,969.53> <5,000,000.00>         0.00  <5,643,969.53>
============================================================================

repared using: FEDERAL      IRS interest rates
ble end date: 09-30-98      USER Table
```

```
VENT SUMMARY REPORT                            TaxInterest Version W98.2
axpayer name...: E. W. SCRIPPS-8612                          08-11-98
axpayer ID#....: 34-0517805                                  Page 1

                                                              Event Date
rents                                Date        Amount       Balance (1)
-----------------------------------------------------------------------
ayment                            09-05-97 <2,124,735.00> <2,124,735.00>

iterest Computation Date          07-31-98               <2,245,411.95>
-----------------------------------------------------------------------
L) Balance includes any interest and penalties accrued as of the Event Date


---------------------- Summary as of 07-31-98 --------------------
                   Amount      Payments        Deposits         Balance
ux                   0.00 <2,124,735.00>          0.00 <2,124,735.00>
ITT rate interest <120,676.95>     0.00           0.00   <120,676.95>
-----------------------------------------------------------------------
otals            <120,676.95> <2,124,735.00>      0.00 <2,245,411.95>
=======================================================================

:epared using: FEDERAL      IRS interest rates
ible end date: 09-30-98     USER Table
```

```
GO072 PPID 00836 310110751+ 34-0517805
AGE NO-0001                                         IRS EMPLOYEE 3101107514

ATE REQUESTED 03-25-96                                  PRINT DATE 03-26-96

ORM NUMBER: 1120                                    TAX PERIOD: DEC. 1985
```

TAXPAYER IDENTIFICATION NUMBER: 34-0517805

```
   E W SCRIPPS CO
   PO BOX 5380
   CINCINNATI              OH 45201-5380-804
```

<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

-- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

```
   ACCOUNT BALANCE:        4,398,573.18-
   ACCRUED INTEREST:             0.00    AS OF 02-05-96
   ACCRUED PENALTY:              0.00    AS OF 02-05-96

   ACCOUNT BALANCE
     PLUS ACCRUALS:        4,398,573.18-
```

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

```
   NET RECEIPTS:        769,171,474.00
   TOTAL INCOME:        836,062,088.00
OTAL DEDUCTIONS:        775,529,384.00
 NET TAXABLE INCOME:     57,256,820.00
 MINIMUM TAX AMOUNT:          0.00
RSONAL HOLDING TAX:           0.00
```

```
                  ES/7004 PAYMENTS CLAIMED: 22,034,684.00-
                         TAX PER RETURN:     19,966,961.00
                  PRINCIPAL INDUSTRY ACTIVITY CODE: 6749
```

```
)-15-86 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
)-27-86 PROCESSING DATE
```

TRANSACTIONS

| DE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| .50 | RETURN FILED AND TAX ASSESSED | 10-27-86 | 19,966,961.00 |
| .60 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 04-15-85 | 5,500,000.00- |
| .60 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 06-17-85 | 5,200,000.00- |
| .60 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 09-16-85 | 1,500,000.00- |
| '60 | RECEIVED POA/TIA | 10-26-85 | |
| .60 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 12-16-85 | 10,300,000.00- |
| .20 | INITIAL INSTALLMENT PAYMENT | 03-17-86 | 0.00 |
| .60 | EXTENSION OF TIME FOR FILING TO 09-15-86 | 04-28-86 | |
| '10 | OVERPMT CREDIT APPLIED FROM PRIOR TAX PERIOD | 03-15-85 | 2,485,948.00- |
| '70 | INTEREST APPLIED TO ACCOUNT | 05-02-86 | 0.00 |
| :40 | REFUND OF OVERPAYMENT | 05-02-86 | 3,475,632.00 |
| '12 | CORRECTION OF 710/716 PROCESSED IN ERROR | 03-15-85 | 2,485,948.00 |
| '10 | OVERPMT CREDIT APPLIED FROM PRIOR TAX PERIOD | 03-15-85 | 2,485,948.00- |
| '10 | OVERPMT CREDIT APPLIED FROM PRIOR TAX PERIOD | 12-15-85 | 524,368.00- |
| '70 | INTEREST APPLIED TO ACCOUNT | 01-16-87 | 168,144.99- |
| :40 | REFUND OF OVERPAYMENT | 01-16-87 | 2,235,867.99 |
| 61 | REMOVED POA/TIA | 03-07-87 | |

*****************************CONTINUED ON NEXT PAGE***********************************

```
IGE NO-0002                                    IRS EMPLOYEE 3101107514

'60   RECEIVED POA/TIA                         01-18-88
'60   ASSESSMENT STATUTE EXPIRATION DATE       04-12-89
         EXTENDED TO 12-31-90
'95   ABATEMENT OF PRIOR TAX ASSESSMENT        11-13-89         2,300,226.00-
'90   ADDITIONAL TAX ASSESSED                  11-13-89              0.00
'62   UPDATED POA/TIA                          11-04-89
'40   REFUND OF OVERPAYMENT                    10-20-89         2,300,226.00
'60   ASSESSMENT STATUTE EXPIRATION DATE       07-26-90
         EXTENDED TO 12-31-91
'40   ADVANCE PAYMENT OF EXAMINATION DEFICIENCY 12-31-90        3,500,000.00-
'60   ASSESSMENT STATUTE EXPIRATION DATE       09-09-91
         EXTENDED TO 12-31-92
'60   ASSESSMENT STATUTE EXPIRATION DATE       05-21-92
         EXTENDED TO 12-31-93
'00   ADDITIONAL TAX ASSESSED BY EXAMINATION   09-21-92            99,832.00
'40   INTEREST ASSESSED                        09-21-92            60,595.79
26    OVERPAYMENT TRANSFERRED                  10-19-92           139,213.11
         TO FORM 1120    TAX PERIOD DEC  1984
26    OVERPAYMENT TRANSFERRED                  10-19-92           188,596.63
         TO FORM 1120    TAX PERIOD DEC  1984
76    INTEREST APPLIED TO ACCOUNT              10-19-92            11,348.12-
60    ASSESSMENT STATUTE EXPIRATION DATE       05-19-93
         EXTENDED TO 12-31-94
60    ASSESSMENT STATUTE EXPIRATION DATE       03-04-94
         EXTENDED TO 12-31-95
40    ADVANCE PAYMENT OF EXAMINATION DEFICIENCY 12-30-94        2,600,000.00-'
00    ADDITIONAL TAX ASSESSED BY EXAMINATION   01-19-95           800,000.00
72    CORRECTION OF 770 PROCESSED IN ERROR     01-16-87            65,055.20
40    INTEREST ASSESSED                        01-19-95           359,482.21
60    ASSESSMENT STATUTE EXPIRATION DATE       05-10-95
         EXTENDED TO 12-31-96
60    ASSESSMENT STATUTE EXPIRATION DATE       12-04-95
         EXTENDED TO 12-04-95
00    ADDITIONAL TAX ASSESSED BY EXAMINATION   12-04-95               0.00
00    ADDITIONAL TAX ASSESSED BY EXAMINATION   02-05-96               0.00
```

```
00074 PPID 00336 310110751  34-0517805
AGE NO-0001                                        IRS EMPLOYEE 3101107514

ATE REQUESTED 03-25-96                                  PRINT DATE 03-26-96

ORM NUMBER: 1120                                   TAX PERIOD: DEC  1986
```

TAXPAYER IDENTIFICATION NUMBER: 34-0517805

```
   E W SCRIPPS CO
   PO BOX 5380
   CINCINNATI          OH 45201-5380-804
```

<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>

-- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

```
   ACCOUNT BALANCE:      3,500,000.00-
   ACCRUED INTEREST:            0.00   AS OF 02-05-96
   ACCRUED PENALTY:             0.00   AS OF 02-05-96

   ACCOUNT BALANCE
     PLUS ACCRUALS:     3,500,000.00-
```

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

```
   NET RECEIPTS:        884,399,981.00
   TOTAL INCOME:        879,663,128.00
OTAL DEDUCTIONS:        882,156,222.00
NET TAXABLE INCOME:       2,493,094.00-
MINIMUM TAX AMOUNT:           7,977.00
RSONAL HOLDING TAX:           0.00
```

```
                ES/7004 PAYMENTS CLAIMED:  1,500,000.00-
                       TAX PER RETURN:     1,477,277.00
                PRINCIPAL INDUSTRY ACTIVITY CODE: 6749
```

```
-19-87 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
-29-87 PROCESSING DATE
```

TRANSACTIONS

| DE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 50 | RETURN FILED AND TAX ASSESSED | 06-29-87 | 1,477,277.00 |
| 60 | ESTIMATED TAX/FEDERAL TAX DEPOSIT | 12-15-86 | 1,500,000.00- |
| 20 | INITIAL INSTALLMENT PAYMENT | 03-15-87 | 0.00 |
| 60 | EXTENSION OF TIME FOR FILING TO 09-15-87 | 05-04-87 | |
| 36 | OVERPAYMENT CREDIT ELECT TO NEXT PERIOD TAX | 03-15-87 | 22,723.00 |
| 60 | RECEIVED POA/TIA | 01-18-88 | |
| 62 | UPDATED POA/TIA | 11-04-89 | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE EXTENDED TO 12-31-90 | 11-21-89 | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE EXTENDED TO 12-31-91 | 07-26-90 | |
| 40 | ADVANCE PAYMENT OF EXAMINATION DEFICIENCY | 12-31-90 | 3,500,000.00- |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE EXTENDED TO 12-31-92 | 09-09-91 | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE EXTENDED TO 12-31-93 | 05-21-92 | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE | 05-19-93 | |

```
*******************************CONTINUED ON NEXT PAGE*************************
```

GE NO-0002                                              IRS EMPLOYEE 3101107514

|  | | | |
|---|---|---|---|
| | EXTENDED TO 12-31-94 | | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE | 03-04-94 | |
| | EXTENDED TO 12-31-95 | | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE | 05-10-95 | |
| | EXTENDED TO 12-31-96 | | |
| 60 | ASSESSMENT STATUTE EXPIRATION DATE | 12-04-95 | |
| | EXTENDED TO 12-04-95 | | |
| 00 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 12-04-95 | 0.00 |
| 00 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 02-05-96 | 0.00 |

 **SCRIPPS HOWARD**

December 31, 1990

Mr. Sidney S. Saewitz
Internal Revenue Agent
Internal Revenue Service
P. O. Box 476
Cincinnati, Ohio  45201

   re:  The E. W. Scripps Company & Subsidiaries
        E.I.N. 34-0517805

Dear Sid:

As we have discussed previously, The E. W. Scripps Company and
subsidiaries' desire to prepay and thereby stop the interest
accumulation on the 1985-86 adjustments anticipated as a result
of our previous settlement with the Internal Revenue Service,
which changed our publishing affiliates' method of reporting
from the cash method to the accrual method as of 1980.

Our check for $7,000,000 is being hand-delivered with this
authorization letter by our Jerome P. Hackman to you today.
It covers the following years now under audit:

|  | 1985 | 1986 | TOTAL |
|---|---|---|---|
| Tax Adjustment | $2,000,000 | $2,000,000 | $4,000,000 |
| Interest Thereon | 1,500,000 | 1,500,000 | 3,000,000 |
|  | $3,500,000 | $3,500,000 | $7,000,000 |

Please have the duplicate copy of this letter date-stamped and
given to Mr. Hackman as our evidence of the Internal Revenue
Service's receipt of this payment.

Thank you for your cooperation in this matter.

Sincerely,

MICHAEL W. CARROLL
Corporate Tax Director

MWC/mah
Enc. 1 - Letter for receipt purposes

**RECEIVED**
**EXAMINATION DIVISION**

**DEC 3 1 1990**

...yment Posting Voucher—
...xamination
...ot a taxpayer receipt)

| U L C | DLN | SSN/EIN | Form number/ MFT | Tax period | Transaction date |
|---|---|---|---|---|---|
| | Status | 34-0517805 | 1120/02 | 8612 | 12-31-90 |

...xpayer name, address, and ZIP code

W. Scripps Co.
.00 Central Trust Tower Cincinnati, OH 45202

List, in the column below, payments to be posted to the taxpayer's account. A maximum of two *Credit* transactions may be shown.

...marks

...x Adj 1,000,000
...terest 1,500,000
     3,500,000

R E C E I V E D

DEC 3 1 1990

DIRECTOR INT REV
CINCINNATI

| Transaction Data | | |
|---|---|---|
| Amount | Code | Description |
| | 670 | Subsequent payment |
| | 610 | Remittance with return |
| | 620 | Payment for 7004 |
| 3,500,000 | 640 | Advance payment on deficiency |
| | 430 | All other est. tax payments |
| | 660 | 706-ES |
| | 680 | Designated interest |
| | | Other credit |
| 3,500,000 | | Total payment |

List, in the column below, any Debit amount to be assessed. A maximum of one *Debit* transaction may be shown.

| Transaction Data | | |
|---|---|---|
| Amount | Code | Description |
| | 170 | ES penalty |
| | 180 | FTD penalty |
| | 360 | Fees and collection cost |
| | 570 | Additional liability pending |
| | | Other debit |
| | | Other debit |

Cash bond  [ ] Send 316(C)

...pared by (Name and unit symbol)
. SAEWITZ, RA 1104, DO 31 Room 4504 FOB X2356    X2356

...rm 3244-A (Rev. 6-85)
...ose of all prior issues

Part 2
(Duplicate copy—do not process)

Department of the Treasury
Internal Revenue Service

---

...yment Posting Voucher—
...amination
...ot a taxpayer receipt)

D L N

| U L C | DLN | SSN/EIN | Form number/ MFT | Tax period | Transaction date |
|---|---|---|---|---|---|
| | Status | 34-0517805 | 1120/02 | 8512 | 12-31-90 |

...payer name, address, and ZIP code

E.W. Scripps Co
1100 Central Trust Tower, Cincinnati, OH 45202

List, in the column below, payments to be posted to the taxpayer's account. A maximum of two *Credit* transactions may be shown.

...arks

..t Adj. 2,000,000
..terest 1,500,000
     3,500,000

R E C E I V E D

DEC 3 1 1990

DIRECTOR INT REV
CINCINNATI

| Transaction Data | | |
|---|---|---|
| Amount | Code | Description |
| | 670 | Subsequent payment |
| | 610 | Remittance with return |
| | 620 | Payment for 7004 |
| 3,500,000 | 640 | Advance payment on deficiency |
| | 430 | All other est. tax payments |
| | 660 | 706-ES |
| | 680 | Designated interest |
| | | Other credit |
| 3,500,000 | | Total payment |

List, in the column below, any Debit amount to be assessed. A maximum of one *Debit* transaction may be shown.

| Transaction Data | | |
|---|---|---|
| Amount | Code | Description |
| | 170 | ES penalty |
| | 180 | FTD penalty |
| | 360 | Fees and collection cost |
| | 570 | Additional liability pending |
| | | Other debit |
| | | Other debit |

Cash bond  [ ] Send 316(C)

...red by (Name and unit symbol)
. Saewitz, RA1104 DO31 Room 4504FOB X2356

...3244-A (Rev. 6-85)    Part 2    Department of the Treasury

Internal Revenue Servi.
Appeals Office
312 Elm Street
Suite 2330
Cincinnati, OH  45202

Date:  **NOV 0 6 2000**

The E W Scripps Co
P O Box 5380
Cincinnati, OH  45201

Depart.  _,,_ of The Treasury
Small Business / Self Employed

**Person to Contact:**
 Richard A. O'Connor
 Employee ID Number: 31-03632
 Tel:  513-684-3396
 Fax:  513-684-2214
**Refer Reply to:**
 SB:OH:CI:AP:RAO
**In Re:**
 Income
**Tax Period(s) Ended:**
 12/1986
**Amount of Claim:**
 $2,245,412.00

**Certified Mail**

Dear Taxpayer:

We are sorry, but we cannot allow the above claim for an adjustment to your tax.

Our decision is based on provisions of the Internal Revenue laws and regulations.  This letter is your legal notice that your claim is fully disallowed.

If you wish to bring suit or proceedings for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or with the United States Court of Federal Claims.  The law permits you to do this within 2 years from the mailing date of this letter.  However, if you signed a waiver of the notice of claim disallowance (Form 2297), the period for bringing suit began to run on the date you filed the waiver.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

James A. Gutzwiller
Appeals Team Manager

cc:
 William M. Toomajian