01 SEP 10 AM 11:33

4819

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE E.W. SCRIPPS COMPANY AND SUBSIDIARIES, | ) ) ) | Case No. C-1-01-434 |
| Plaintiff, | ) ) | Judge Dlott |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**UNITED STATES' MOTION TO DISMISS**

The United States of America, by its undersigned counsel, hereby moves this Court for an order dismissing this case under Fed. R. Civ. P. 12(b)(6) as this Court lacks jurisdiction over this action because the United States has failed to waive its sovereign immunity with respect to this action. The grounds for this motion are more fully set forth in the accompanying



-2-

Memorandum in Support filed contemporaneously with this motion.

                                      SALVADOR A. DOMINGUEZ
                                      United States Attorney

                                      _____
                                      STACY HALLETT
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 55
                                      Ben Franklin Station
                                      Washington, D.C.  20044
                                      Telephone: (202) 307-6499

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' MOTION TO DISMISS has been made upon the following by depositing a copy in the United States mail, postage prepaid, this ___7th___ day of September 2001:

>David G. Holcombe
>Baker & Hostetler LLP
>312 Walnut Street, Suite 2650
>Cincinnati, Ohio 45292
>
>Paul P. Eyre
>William M. Toomajian
>Thomas R. Lucchesi
>Baker & Hostetler LLP
>3200 National City Center
>Cleveland, Ohio 44114-3485

>STACY HALLETT
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6499

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE E.W. SCRIPPS COMPANY AND SUBSIDIARIES, | ) ) ) | Case No. C-1-01-434 |
| Plaintiff, | ) ) | Judge Dlott |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS**

The United States of America, by its undersigned counsel, hereby submits its memorandum in support of its motion to dismiss the plaintiff's complaint as follows:

**INTRODUCTION**

On June 27, 2001, the plaintiff filed this action seeking statutory interest under 26 U.S.C. § 6611 in an amount exceeding $ 2,245,412. On August 20, 2001, the plaintiff filed an amended complaint also seeking statutory interest in this amount. The plaintiff claims that it made an advance payment in the amount of $ 3,500,000 on what it thought would be an additional liability

-2-

for its 1986 taxable year.  Plaintiff further claims that when it turned out that it did not have an additional liability for its 1986 taxable year, the Internal Revenue Service refunded the $3,500,000 to the plaintiff, but did not pay statutory interest on the refund pursuant to § 6611 of the Internal Revenue Code. As explained below, this Court lacks jurisdiction over this action seeking solely to recover statutory interest.

## ARGUMENT

### THIS COURT LACKS JURISDICTION OVER THIS ACTION THAT SEEKS SOLELY TO RECOVER STATUTORY INTEREST

It is a fundamental jurisdictional principle that the United States, as a sovereign, is immune from suit unless it has consented to be sued.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981).  Equally fundamental is the rule that a waiver of sovereign immunity cannot be implied, but must be unequivocally expressed in an Act of Congress.  Lehman, 453 U.S. 156; see also, United States v. King, 395 U.S. 1, 4 (1969).  Where Congress has provided for a specific waiver of sovereign immunity, the limitations and conditions upon which the United States consents to be sued must be strictly construed and rigorously enforced, and exceptions thereto are not to be implied.  Lehman, 453 U.S. at 160.  A waiver of sovereign immunity may be subject to conditions, including a limitation on the courts where the government consents that it may be sued.  Sherwood v. United States, 312 U.S. 584, 587 (1941).  The Courts cannot "enlarge the

-3-

waiver beyond the purview of the statutory language." <u>Department of Energy v. Ohio</u>, 503 U.S. 607, 614 (1992).

The starting point in jurisdictional analysis when a taxpayer seeks money from the United States under the Internal Revenue Code begins with 26 U.S.C. § 1346(a)(1). This section states, in part, that district courts shall have original jurisdiction of

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...

Section 1346 of 28 U.S.C., in conjunction with 26 U.S.C. § 7422,[1] provides a waiver of the United States' sovereign immunity and provides jurisdiction to the district courts to entertain an action for the recovery of an erroneously or illegally assessed or collected tax.  Similarly, these sections also provide a waiver of sovereign immunity and jurisdiction in the district courts for the recovery of deficiency interest

---

[1] This section, providing a limited waiver of sovereign immunity, states as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422.

-4-

collected in conjunction with the tax liability.

In a tax suit, there are typically two types of interest recoverable - deficiency interest and statutory interest. See Philip N. Jones, Resolving Interest Disputes with the Service: Often a Question of Which Court and When, 93 J. Tax'n 346, 355 (Dec. 2000). The law treats these two types of interest differently, and the administrative and jurisdictional requirements for claiming deficiency and statutory interest are dramatically different.[2] See Alexander Proudfoot Company v. United States of America, 454 F.2d 1379 (Cl. Ct. 1972). Deficiency interest is interest on the amount of tax which is unpaid by the taxpayer. Proudfoot, 454 F.2d at 1381; See also 26 U.S.C. § 6601. The Internal Revenue Service will assess and collect deficiency interest. For purposes of a refund action in district court, the deficiency interest is treated as a part of the tax itself. See Proudfoot, 454 F.2d at 1382 (stating "deficiency interest has been so closely braided to principal that it has been deemed an integral part of the tax. ... The hair

---

[2] To meet the requirements for deficiency interest, a taxpayer must fully pay the liability and then file a claim for refund within two years of the time the amount was paid or three years from the date the return was due. 26 U.S.C. § 6511. If the refund claim is denied, within two years of the denial of the refund claim, the taxpayer may file a suit in district court seeking a refund. 26 U.S.C. § 7422. However, for statutory interest, there is no administrative claim required and the taxpayer need only file suit in the Court of Federal Claims (the district court has jurisdiction if the taxpayer is seeking $10,000 or under) within six years of the Government's authorization of the refund. See General Instrument Corporation v. United States, 33 Fed. Cl. 4 (1995).

-5-

goes with the hide.").

However, here, the interest plaintiff seeks is referred to as statutory interest. Statutory interest is regulated by § 6611 and § 6612 of the Internal Revenue Code (26 U.S.C.). Statutory interest is paid because the government had use of a taxpayer's money for a period of time.[3] Proudfoot, 454 F.2d at 1384. Plaintiff, here, seeks interest under 26 U.S.C. § 6611 on a payment it made toward its income tax liability.[4] This interest is exclusively statutory interest. It was neither assessed nor collected by the Internal Revenue Service.

Since § 1346(a) speaks explicitly of the recovery of amounts "assessed or collected," statutory interest certainly cannot fall under § 1346(a) because it is neither assessed nor collected.[5]

---

[3] This is different than post-judgment interest which is provided for in 28 U.S.C. § 1961(c).

[4] The United States does not concede that the plaintiff made a payment on its 1986 liability. However, for purposes of a motion to dismiss, all facts alleged in the complaint are deemed true. As such, assuming that the plaintiff did make a payment, this Court does not have jurisdiction to award the taxpayer statutory interest on the payment.

[5] Neither § 1346 nor § 7422 provide jurisdiction to the district court to award statutory interest to a taxpayer in a suit seeking a refund of taxes paid. Under such a circumstance it is 28 U.S.C. § 2411 that allows for the district court to award statutory interest when the court finds there has been an overpayment of tax. It states, in part:

> In any judgment of any court rendered... for any overpayment in respect of any internal-revenue tax, interest shall be allowed at the overpayment rate established under section 6621 of the Internal Revenue Code of 1986 upon the amount of the overpayment ...

-6-

This distinction between deficiency interest and statutory interest was explained in Proudfoot:

> Unlike deficiency interest paid by the taxpayer, Congress did not provide that statutory interest to be paid by the United States is to be fully assimilated in treatment of the principal amount of a tax. Nor does the Code extend the refund claim mechanism of § 6511 to such interest, or tie a special limitations period to the filing of such a claim. The result is that the ordinary six-year limitations statute controls and no claim needs to be filed within the time limits of § 6511.

454 F.2d 1379 at 1384 (citations omitted). The Court in Amoco Production Co. v. United States, concluded that since the amount being sought was "not previously assessed" the taxpayer was not seeking to recover an overpayment, but rather was "seeking a separate payment from the government of interest." 88-1 USTC ¶ 9272, 83,646 (USDC N.D. Ill. 1988). It found that this amount could not be a "recovery" because it was not seeking a "return of sums already paid." Id. Similarly, here the plaintiff is not seeking a recovery, but rather is seeking a separate payment of interest from the government. As such, 26 U.S.C. § 7422 and 26 U.S.C. § 1346 neither waive the immunity of the United States nor provides the district court with jurisdiction over this action.

---

28 U.S.C. § 2411. Of course, § 2411 would not provide jurisdiction in a case such as this where the taxpayers are not seeking an overpayment of their tax liability.

-7-

This view is consistent with the Sixth Circuit's decision in Cleveland Chair Company v. United States, 526 F.2d 497 (6th Cir. 1975), where it found that the district court did not have jurisdiction over a suit to recover interest on bonds that were deposited with the Clerk of the United States Tax Court in lieu of appeal and supersedeas bonds. The taxpayers filed an action claiming they were entitled to interest on the bonds and couched the action as a § 1346 overpayment case. The Sixth Circuit stated that "the ultimate issue in a tax refund suit is whether the taxpayer has overpaid his taxes for the year in question. In the present case the correct amount of taxes is not at issue." Id. at 498. Just as in Cleveland Chair, the correct amount of taxes is not at issue here and 26 U.S.C. § 1346(a)(1) does not provide a jurisdictional basis for the action.

If the plaintiff were seeking statutory interest in an amount not exceeding $10,000, § 1346(a)(2) of 28 U.S.C. would allow the action to proceed in this Court. This section confers jurisdiction over any civil action against the United States not exceeding $10,000 in the district courts arising under the Constitution, an Act of Congress, or an express or implied contract seeking money damages. 28 U.S.C. § 1346(a)(2). However, since the amount plainitiff seeks is well over $10,000 in amount, § 1346(a)(2) does not advance the plaintiff's jurisdictional quest. In addition, 28 U.S.C. § 1340,

-8-

cited by plaintiff in its complaint does not provide this Court with jurisdiction over this action. <u>Geurkink Farms, Inc. v. United States</u>, 452 F.2d 643 (7th Cir. 1971). Section 1340 "is merely a general grant of jurisdiction to district courts to entertain actions of a certain class, viz: 'any civil action arising under any Act of Congress providing for internal revenue ...,' [i]t is not a waiver of governmental immunity from suit nor a consent to be sued." <u>Id</u>. at 644. Similarly, 28 U.S.C. § 1331, which is also cited by plaintiff as a basis for jurisdiction, merely provides a general grant of jurisdiction to district courts to entertain federal questions. It is not a consent by the United States to be sued.

The lack of jurisdiction in this Court does not leave the plaintiff without a forum for its grievance. Since the United States, as sovereign, need not allow suit against it, it follows that it is free to allow suit on whatever terms it may choose. <u>Edmondson v. Simon</u>, 87 F.R.D. 487, 488 (N.D. Ill. 1980). With respect to suits seeking the recovery of statutory interest, Congress chose to provide a limited forum for the recovery of statutory interest - the Court of Federal Claims. See <u>Alexander Proudfoot Company v. United States</u>, 454 F.2d 1379 (Cl. Ct. 1972); <u>Barnes v. United States</u>, 137 F. Supp. 716 (Cl. Ct. 1956). Since the prime objective of this suit is to obtain money other than tax or deficiency interest in an amount in excess of $10,000 from

-9-

the United States, 28 U.S.C. § 1491(a)(1) gives the Court of Federal Claims exclusive jurisdiction over this action.[6]

There are two cases from the District of Connecticut that hold that a District Court does have jurisdiction over a suit solely seeking statutory interest. The first, Triangle Corporation v. United States, 592 F. Supp. 1316 (D. Conn. 1984) found that though § 1346(a)(1) does not expressly waive the government's immunity to suit for actions for statutory interest, the Court held that it must be interpreted as doing so because it mistakenly thought that there could be no other forum for a taxpayer to seek redress. Id. at 1317 ("Congress, in enacting 28 U.S.C. § 1346(a)(1), could not reasonably have intended to leave taxpayers with no forum in which to enforce the substantive fights granted by Section 6611."). However, as stated above, it is the United States Federal Court of Claims that has jurisdiction over a suit seeking statutory interest. As such, the rationale of the Triangle Court was flawed because Congress has provided a forum.

Similarly, the Connecticut Court in Trustees of the Bulkeley School v. United States, 628 F. Supp. 802 (D. Conn. 1986), followed the holding of Triangle and further stated that "a

---

[6] Interestingly, in its original Complaint, the plaintiff cites 28 U.S.C. § 1491(a)(1) as its claim of jurisdiction. This section provides the Court of Federal Claims with jurisdiction over this action.

-10-

contrary result would effectively deprive the federal district courts of jurisdiction over all tax refund suits in which the taxpayer may recover interest in excess of $10,000." The reasoning is equally flawed. We suggest, contrary to the reasoning of that Court that a waiver of sovereign immunity in district court for statutory interest on an overpayment, is found in 28 U.S.C. § 2411 which waives sovereign immunity for a refund of statutory interest if an overpayment judgment is awarded to a taxpayer. As such, both the Triangle Court and the Bulkeley School Court were mistaken as to the options available to a taxpayer seeking statutory interest under 26 U.S.C. § 6611 from the government.

## CONCLUSION

For the above-stated reasons, the United States' motion to dismiss must be granted.

SALVADOR A. DOMINGUEZ
United States Attorney

STACY HALLETT
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6499

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 7th day of September 2001:

David G. Holcombe
Baker & Hostetler LLP
312 Walnut Street, Suite 2650
Cincinnati, Ohio 45292

Paul P. Eyre
William M. Toomajian
Thomas R. Lucchesi
Baker & Hostetler LLP
3200 National City Center
Cleveland, Ohio 44114-3485

STACY HALLETT
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6499