4819

01 OCT 17 AM 11:59

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE E.W. SCRIPPS COMPANY AND SUBSIDIARIES, | ) ) ) | Case No. C-1-01-434 |
| Plaintiff, | ) ) | Judge Dlott |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS**

The United States of America, by its undersigned counsel, hereby submits its reply memorandum in support of its motion to dismiss plaintiff's complaint as follows:

**ARGUMENT**

Plaintiff has not pointed to any statute that waives the United States' immunity to suit in this action, nor can it. Neither 28 U.S.C. § 1346 nor 28 U.S.C. § 1340 provide a waiver



-2-

of sovereign immunity and therefore confer jurisdiction on this Court over plaintiff's action that seeks solely a recovery of statutory interest under 26 U.S.C. § 6611. Plaintiff's arguments are unavailing and ignore long-standing tenets of sovereign immunity.

Plaintiff's argument that statutory interest is somehow included in the amount of tax with respect to which 28 U.S.C. § 1346(a)(1) permits suit, even if there is no actual overpayment, is incorrect because waivers of sovereign immunity must be explicit and cannot be implied.  The United States can choose the terms on which it may be sued. Edmondson v. Simon, 87 F.R.D. 487, 488 (N.D. Ill. 1980).  A waiver of sovereign immunity cannot be implied, but must be an unequivocal waiver by an Act of Congress.  Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. King, 395 U.S. 1, 4 (1969).  "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted).  Plaintiff's theory is that "because of the time value of money, to fully refund erroneously collected taxes, the recovery contemplated under 1346(a)(1) must include the interest owed by the government on the [amount overpaid]" so that § 1346(a)(1) permits a suit for statutory interest

even if there is no overpayment to sue for. Plaintiff's Response at 6 -7. However, this theory requires more of § 1346 than its text allows. Section 1346(a)(1) states that district courts have jurisdiction over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...

The text refers only to amounts that have been assessed and collected. Statutory interest is neither assessed nor collected. See Amoco Production Co. v. United States, 88-1 USTC ¶ 9272, 83,646 (N.D. Ill. 1988). Plaintiff's reading of statutory interest into this section is inconsistent with the principles of sovereign immunity.[1] There is simply no waiver under § 1346(a)(1) for interest that has neither been assessed nor collected. The cases that hold otherwise are incorrect.[2]

---

[1]  It is also inconsistent with the Supreme Court's view of statutory construction. "We must begin with the language of the statute." Bailey v. United States, 513 U.S. 137, 144 (1995). "'[W]hen a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.'" Metropolitan Stevedore Co. v. Rambo, 515 U.S. 291, 295 (1995) (quoting Estate of Cowart v. Nicklos Drilling, 505 U.S. 469, 475 (1992). "[A]bsent any indication that doing so would frustrate Congress's clear intention or yield a patent absurdity, our obligation is to apply the statute as Congress wrote it." Hubbard v. United States, 514 U.S. 695, 703 (1995).

[2]  Plaintiff states that the government made an attempt to distinguish Triangle Corporation v. United States, 592 F. Supp. 1316 (D. Conn. 1984) and Trustees of Bulkeley School v. United States, 628 F. Supp. 802 (D. Conn. 1986). Response Brief at 7. The United States made no attempt to distinguish these cases from the present set of facts as the United States asserts those cases were incorrectly decided.

-4-

Section 1346(a)(1) must be read in conformity with other statutory provisions which limit or qualify a taxpayer's right to bring an action.[3] United States v. Dalm, 494 U.S. 596, 601 (1989). As the United States detailed in its initial brief, it is § 1346(a)(1) in conjunction with 26 U.S.C. § 7422 that provides the waiver of sovereign immunity and jurisdiction of the district courts in a tax refund action. See United States' Memorandum at 3 - 4; See also, Dalm, 494 U.S. at 601-02. Section 2411 of Title 28 allows for the district court to award statutory interest when the court finds there has been an overpayment of tax in such a case.

In addition to being inconsistent with principles of sovereign immunity, plaintiff's argument that statutory interest is part of an amount of tax overpaid, even though it is not paid by the taxpayer, is also inconsistent with the decision in Alexander Proudfoot v. United States, 454 F.2d 1379, 1384 (Cl. Ct. 1972). The Proudfoot Court held that statutory interest under § 6611 is not part of an overpayment. 454 F.2d at 1384. "Congress did not provide that statutory

---

[3] Plaintiff incorrectly asserts that the United States' concedes that § 1346(a)(1) provides both a waiver of sovereign immunity and a grant of jurisdiction in tax refund actions. Plaintiff's Response at 3. the United States was clear that it is § 1346 in conjunction with 26 U.S.C. § 7422 that provides the waiver of sovereign immunity over a tax refund action. United States Brief at 3 - 4.

-5-

interest to be paid by the United States is to be fully assimilated in treatment to the principal amount of a tax." Id. As detailed in the United States' Memorandum in Support of its Motion to Dismiss, the Court in <u>Alexander Proudfoot Company v. United States</u>, provided an in-depth analysis of the differences between deficiency interest and statutory interest. 454 F.2d 1379 at 1384 (Cl. Ct. 1972).

Plaintiff incorrectly asserts that the United States mischaracterized a decision that supports plaintiff's case. In <u>Trustees of Bulkeley v. United States</u> the Connecticut District Court was wrong in holding that § 1346(a)(1) provides a waiver of sovereign immunity and grants district courts jurisdiction over claims for statutory interest in excess of $10,000. 628 F. Supp. 802 (D. Conn. 1986). The Court stated "a contrary result would effectively deprive the federal district courts of jurisdiction over all tax refund suits in which the taxpayer may recover interest in excess of $10,000. It is unlikely that the Congress would have enacted sub silentio so significant a restriction on the tax jurisdiction of the federal district courts." <u>Id</u>. at 803. The Court was apparently concerned that holding for the United States would mean that in a tax refund suit -- that is a suit where the taxpayer was actually seeking to recover an overpayment of

tax, plus statutory interest under § 6611 -- the district courts would not have jurisdiction to award statutory interest in an amount exceeding $ 10,000.  The Court was mistaken on this point as 28 U.S.C. § 1346(a)(1), 28 U.S.C. 2411, and 26 U.S.C. § 7422, together, waive the sovereign immunity of the United States and provide the district court with jurisdiction over statutory interest in a case involving the actual overpayment of tax.  As such, the Court misjudged the scope of the waiver of sovereign immunity in a tax refund suit.

Plaintiff cites to Doolin v. United States, 737 F. Supp. 732 (N.D. NY 1990) reversed on other grounds, 918 F.2d 15 (2d Cir. 1990), for support for its theory.  However, Doolin involved a case where the taxpayer was seeking a refund of an overpayment of tax paid in addition to statutory interest.  The decision involves a summary judgment motion where the parties cross-moved on the issue of interest under 26 U.S.C. § 6611.  Id.  Doolin is not a situation, as here, where the taxpayer brought an action solely for the recovery of statutory interest.  As such, Doolin does not speak to the issues involved in this case.

Plaintiff also cites six cases involving statutory interest under 26 U.S.C. § 6611 where the issue of jurisdiction was not discussed.  These cases offer no

precedential value. "[I]ssues implicit in a decision, but not actually addressed, have no precedential value." Harper v. Virginia Department of Transportation, 509 U.S. 86 (1993)(citing United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33 (1952)(issue not "raised in briefs or argument nor discussed in the opinion of the Court" cannot be taken as "binding precedent" on the point" .... "[The] Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio." (citations omitted)). In the six cases cited by the plaintiff, the courts neither addressed the issue of jurisdiction nor sovereign immunity. As such, the cases do not offer support for plaintiff's arguments.

Quite simply, § 1346(a)(1) cannot provide a waiver of sovereign immunity for a taxpayer seeking solely a recovery of statutory interest. As stated in Amoco Production Co. v. United States, since the amount being sought was "not previously assessed" the taxpayer is not seeking to recover an overpayment, but rather was "seeking a separate payment from the government of interest." 88-1 USTC ¶ 9272, 83,646 (USDC N.D. Ill. 1988). This amount cannot be a "recovery" because it is not a "return of sums already paid." Id.

Plaintiff's second argument that 28 U.S.C. § 1340 in

-8-

conjunction with 26 U.S.C. § 6611 provides a waiver of sovereign immunity is equally flawed. Plaintiff acknowledges that § 1340 does not provide a waiver of sovereign immunity. Plaintiff's Brief at 10. However, § 6611 of the Internal Revenue Code is not a waiver of sovereign immunity either. This section does require the Internal Revenue Service to pay a taxpayer interest on an overpayment and the United States does not contend otherwise. Any waiver of sovereign immunity must be explicit and it cannot be implied. Lehman v. Nakshian, 453 U.S. 156, 160 (1981), see also, Department of Energy v. Ohio, 503 U.S. 607, 614-16 (1992); United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)("Our task is to discern the 'unequivocally expressed' intent of Congress, construing ambiguities in favor of immunity."). Here, the only waiver that can be found for suits seeking solely a recovery of statutory interest is in 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1346(a)(2) for amounts not exceeding $ 10,000. Plaintiff's attempts to find new meanings for words or imply an intent by Congress cannot provide a waiver of sovereign immunity. Plaintiff's remedy, if any, is in the Court of Federal Claims.

-9-

## CONCLUSION

For the above-stated reasons, the United States' motion to dismiss must be granted.

SALVADOR A. DOMINGUEZ
United States Attorney


_____
STACY HALLETT
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6499

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 15th day of October 2001:

>David G. Holcombe
>Baker & Hostetler LLP
>312 Walnut Street, Suite 2650
>Cincinnati, Ohio 45292
>
>Paul P. Eyre
>William M. Toomajian
>Thomas R. Lucchesi
>Baker & Hostetler LLP
>3200 National City Center
>Cleveland, Ohio 44114-3485

>STACY HALLETT
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 55
>Ben Franklin Station
>Washington, D.C. 20044
>Telephone: (202) 307-6499