

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE E.W. SCRIPPS COMPANY )
AND SUBSIDIARIES, ) Case No. C-1-01-434
)
Plaintiff, ) Judge Dlott
)
vs. )
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## UNITED STATES' ANSWER

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's action is barred by the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover under the doctrine of equitable recoupment.

### THIRD AFFIRMATIVE DEFENSE

This court lacks jurisdiction over this action as the United States has not waived its immunity to suit.

### FOURTH AFFIRMATIVE DEFENSE

In further answer to the specific allegations in the complaint, the United States responds as follows:

1. The United States admits paragraph one.

2. The United States admits paragraph two.

3. The United States denies paragraph three.

4. The United States admits that if this Court were to have jurisdiction over this matter, venue would be proper.

5. The United States admits paragraph five.

6. The United States admits that a binding agreement was reached between Scripps and the IRS regarding a change in the method of accounting for tax purposes as of the 1980 tax year, and its is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph six.

7. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven.

8. The United States admits that Scripps anticipated that it owed an additional tax liability for its 1985 and 1986 tax years as a result of the Binding Change to Accrual Method, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph eight.

9. The United States admits that Agent Saewitz informed Scripps that he would not be able to determine the amount of tax liability, if any, Scripps owed for 1985 and 1986 as a result of the Binding Change to Accrual Method, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nine.

10. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ten.

11. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eleven.

12. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph twelve.

13. The United States admits that it received $ 7,000,000, along with a transmittal letter dated December 31, 1990, from Scripps, but in denies that the $ 7,000,000 was a payment, it denies the transmittal letter states that Scripps was making a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph thirteen.

14. The United States denies that a payment was made on December 31, 1990, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph fourteen.

15. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph fifteen.

16. The United States denies that the December 31, 1990 remittance was a payment, it admits that the Form 3244-A states that the $ 3,500,000 remittance was an "advance payment on deficiency," and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph sixteen.

17. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph seventeen.

18. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eighteen.

19. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nineteen.

20. The United States denies that the December 31, 1990 remittance was a payment, and

it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty.

21. The United States denies paragraph twenty-one.

22. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-two.

23. The United States denies that the December 31, 1990 remittance was a payment, it admits that Scripps did not have an additional tax liability for 1986, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-three.

24. The United States denies paragraph twenty-four.

25. The United States denies the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-five.

26. The United States denies that the December 31, 1990 remittance was a payment, it denies that the IRS recharacterized the remittance, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-six.

27. The United States admits that Scripps received $ 3,500,000 from the IRS, it admits that the $ 3,500,000 received did not include any interest, and it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-seven.

28. The United States denies that the December 31, 1990 remittance was a payment, and

it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph twenty-eight.

29. The United States denies that the September 28, 1998 claim for refund was timely, it denies that it refunded an overpayment, and it admits the remaining allegations in paragraph twenty-nine.

30. The United States denies that it refunded an overpayment, it admits that it denied the plaintiff's claim for refund, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph thirty.

31. The United States denies the material allegations of fact contained in the claim for refund attached to the Complaint as Exhibit A.

32. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph thirty-two.

33. The United States reasserts its responses to paragraphs one through thirty-two of the complaint.

34. The United States denies paragraph thirty-four.

35. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph thirty-five.

36. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph thirty-six.

37. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph thirty-seven.

38. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph thirty-eight.

39. The United States denies paragraph thirty-nine.

40. The United States admits that it has refused to pay Scripps the interest it claims to be due, and it denies the remaining allegations in paragraph forty.

41. The United States denies paragraph forty-one.

42. The United States reasserts its responses to paragraphs one through forty-one.

43. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph forty-three.

44. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-four.

45. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph forty-five.

46. The United States denies that the December 31, 1990 remittance was a payment, and it is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph forty-six.

47. The United States is presently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty-seven.

48. The United States denies paragraph forty-eight.

49. The United States denies paragraph forty-nine.

WHEREFORE, the United States of America requests plaintiff's complaint be dismissed, and for such other relief as the Court deems just.

                                                GREGORY G. LOCKHART
                                                United States Attorney

                                                STACY HALLETT
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 55
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone: (202) 307-6499

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' ANSWER has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 7th day of October 2002:

> David G. Holcombe
> Baker & Hostetler LLP
> 312 Walnut Street, Suite 2650
> Cincinnati, Ohio 45292
>
> Paul P. Eyre
> William M. Toomajian
> Thomas R. Lucchesi
> Baker & Hostetler LLP
> 3200 National City Center
> Cleveland, Ohio 44114-3485

STACY HALLETT
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6499